11-2314-ag
Singh v. Holder

BIA
Weisel, IJ
A072 403 979

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

JASBIR SINGH,
> *Petitioner,*

> v.                                    11-2314-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Richard W. Chen, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jasbir Singh, a native and citizen of India, seeks review of the May 9, 2011, decision of the BIA reversing the December 4, 2007, decision of Immigration Judge ("IJ") Robert Weisel, granting Jasbir Singh asylum. *In re Jasbir Singh*, No. A072 403 979 (B.I.A. May 9, 2011), *rev'g* No. A072 403 979 (Immig. Ct. N.Y. City Dec. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA rejected the decision of the IJ in its entirety, we have reviewed only the decision of the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). We review questions of law *de novo*. *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir.

2008). For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on, *inter alia*, inaccuracies or falsehoods in an applicant's statements without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

The BIA did not err in concluding that the IJ's factual findings that formed the basis for his positive credibility determination were clearly erroneous and the BIA's adverse credibility determination is supported by substantial evidence.* *See* 8 C.F.R. § 1003.1(d)(3)(i); *see also* *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) ("A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire

---

\* Contrary to Singh's contention, the BIA did not find that he knowingly filed a frivolous asylum application, but concluded only that he was not credible due to his filing of a fraudulent asylum application. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 112-15 (2d Cir. 2006) (recognizing that a finding that an applicant knowingly filed a frivolous asylum application, which permanently forecloses the applicant from certain immigration benefits, "does not flow automatically from an adverse credibility determination") (citations omitted).

evidence is left with the definite and firm conviction that a mistake has been committed.") (internal quotation marks and citations omitted).  In this case, the BIA reasonably concluded that the IJ committed clear error in finding that the "record lack[ed] any evidence that [Singh's] . . . asylum application was fraudulent," because there were striking similarities in the description of incidents of persecution between Singh's March 2002 asylum application, which was prepared by individuals who were subsequently convicted of conspiracy to submit false asylum applications, and an application filed in July 2001 by the same individuals.  *See Anderson*, 470 U.S. at 573.  Moreover, the similarities supported the BIA's adverse credibility determination*.  See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007)(discussing similarities in the "inter-proceeding" context, i.e., where similar documents are produced by aliens in different removal proceedings and concluding that "striking similarities between affidavits are an indication that the statements are 'canned'" and provide a basis for deeming an applicant's general credibility undermined)(citation omitted)*; see also Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006) (concluding that the submission of a

4

fraudulent document in support of an asylum application alone may constitute substantial evidence to support an adverse credibility finding).

Furthermore, we find no merit to Singh's arguments that the agency violated the Federal Rules of Evidence and his due process rights by admitting into the record, and relying on, a Termination Notice prepared by an asylum officer who did not appear at his hearing and by allowing a government witness to testify without timely serving a proposed witness list. There is no merit to Singh's argument that the agency violated the Federal Rules of Evidence in his proceedings because "the Federal Rules of Evidence do not apply in removal proceedings; rather, '[e]vidence is admissible provided that it does not violate the alien's right to due process of law.'" *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) (quoting *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006)). In the immigration context, "[t]he standard for due process is [] satisfied . . . if the evidence 'is probative and its use is fundamentally fair,' fairness in this context being 'closely related to the reliability and trustworthiness of the evidence.'" *Id.* (quoting *Zhen Nan Lin*, 459 F.3d at 268); *see also Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104-05 (2d Cir. 2006)

(providing that due process requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard).  If an applicant shows that his hearing was not fair based on the submission of evidence, he also must demonstrate that he was prejudiced by the error.  *See Aslam*, 537 F.3d  at 115; *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

Here, the agency did not violate Singh's due process rights by admitting and relying on the Termination Notice because the document did not raise any reliability concerns and Singh did not challenge the reliability of the notice before the IJ despite ample opportunity to do so.  *See Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir. 1996) (recognizing that "records made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability").  Additionally, contrary to Singh's argument regarding a government witness's testimony, the government provided almost eight months' prior notice of its intent to produce a fact witness as to the criminal enterprise of the preparers of Singh's asylum application, and Singh was provided an opportunity to question the government witness regarding the reliability of his testimony.  *See Li Hua Lin*, 453 F.3d at 104-05; *Aslam*, 537

F.3d at 115.  Finally, Singh cannot demonstrate that he was prejudiced by the admission of either the Termination Notice or the government witness's testimony because, even without that evidence, the striking similarities between his application and another prepared by the same persons alone demonstrated clear error in the IJ's decision and supported the conclusion that his asylum application was fraudulent. *See Mei Chai Ye,* 489 F.3d at 526; *see also Aslam*, 537 F.3d at 115; *Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motions for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk